NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30384
24-MAY-2013
12:56 PM**

NO. 30384

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MAKANI OLU PARTNERS, LLC,[1] Plaintiff-Appellee, v.
HARVEY AH SAM, PATRICK AH SAM, FREDERICK K. BAILEY, JR.,
KENNETH D. KAHOOHANOHANO, RICHERT M. KAMAIOPILI, SUSAN K.
KOEHLER, MAEBELLE M. LIBRANDO, IRADAY U. BAILEY, PATRICK
E.K. BAILEY, PETER L. BAILEY, ROBERT ALLEN BELL, PATRICK
K.T. CHU, ROCHELLE J. GARDANIER, CHARLES KAULUWEHI MAXWELL,
SR., JUDITH L. NAGAMINE, JACQUELINE KUAHINE AMINA RAPOZA,
JANICE L. REVELLS, CLOVIS GYETVAI, ELIZABETH KEALA HAN,
GLENN F. KAHOOHANOHANO, HELENE R. SARONITMAN, HANNAH E.H.
SOUZA, LILLIE LANI BAILEY MUNDON, CHARLES E. ST. GERMAIN,
AND WAYNE CHUN, Defendants-Appellants,
and
KALAPUNA (k) and his wife, KEKUI (w); KAHOLOLIO (w),
also known as HOLOLIO HENNESSEE (w), heirs or assigns,
and ALL WHOM IT MAY CONCERN, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 02-1-0071(3))


MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

In this quiet-title action, Defendants-Appellants
Harvey Ah Sam; Patrick Ah Sam; Frederick K. Bailey, Jr.; Kenneth
D. Kahoohanohano; Richert M. Kamaiopili; Susan K. Koehler;
Maebelle M. Librando; Iraday U. Bailey; Patrick E.K. Bailey;
Peter L. Bailey; Robert Allen Bell; Patrick K.T. Chu; Rochelle J.
Gardanier; Charles Kauluwehi Maxwell, Sr.; Judity L. Nagamine;
Jacqueline Kuahine Amina Rapoza; Janice L. Revells; Clovis
Gyetvai; Elizabeth Keala Han; Glenn F. Kahoohanohano; Helene R.
Saronitman; Hannah E.H. Souza; Lillie Lani Bailey Mundon; Charles
E. St. Germain; and Wayne Chun (collectively, "Defendants")

---

[1]    On September 13, 2007, Makani Olu Partners, LLC was substituted as Plaintiff in place of Wailuku Agribusiness Co., Inc. via stipulation and order.

appeal from the Final Judgment and Decree, filed February 16, 2010, in the Circuit Court of the Second Circuit ("Circuit Court").[2/] We affirm.

I.   Background

On August 20, 1852, an individual named Kaluau was granted three separate parcels of real estate in Waikapū, Maui, by virtue of Land Commission Award 8672 ("LCA 8672"): (1) a parcel of taro and open dry land, 1.55 acres, in Kuaiwa ("ʻĀpana 1"); (2) a parcel of taro land, 0.25 acres, in Kuaiwa; and (3) an irrigated field, 0.06 acres, in Haliipalala ("ʻĀpana 3").  On February 7, 2002, original Plaintiff-Appellee Wailuku Agribusiness Co., Inc. ("Wailuku") filed a complaint in Circuit Court seeking to quiet title to ʻĀpana 1 and ʻĀpana 3.

Wailuku moved for summary judgment on the grounds that it held paper title or, in the alternative, that it had acquired title through adverse possession.  Concerning paper title, Wailuku argued that Kaluau died intestate, survived by his father, Kalapuna, and his mother, Kekiu,[3/] and that in 1855, Kalapuna conveyed ʻĀpana 1 by deed ("1855 Deed") to John Richardson ("Richardson"), through whom Wailuku claimed paper title.  Defendants opposed summary judgment and argued that, among other things, the 1855 Deed failed to specify what property was being conveyed.  The Circuit Court ultimately granted summary judgment to Wailuku as to both ʻĀpana 1 and ʻĀpana 3, holding that it had acquired title by adverse possession, and without specifying whether or how it was ruling on the claim of paper title.

This court affirmed in *Wailuku Agribusiness Co. v. Ah Sam*, 112 Hawaiʻi 241, 145 P.3d 784 (App. 2006).  The Hawaiʻi Supreme Court granted certiorari, affirming as to ʻĀpana 3 in *Wailuku Agribusiness Co. v. Ah Sam*, 114 Hawaiʻi 24, 155 P.3d 1125

---

[2/]   The Honorable Joseph E. Cardoza presided.

[3/]   The spelling of Kaluau's mother's name appears as "Kekui" in some documents and as "Kekiu" in others.  In our review of the handwritten documents, translations, and genealogy within the record on appeal, it appears that the proper spelling is "Kekiu".

(2007) ("*Wailuku I*"). However, the supreme court held that the Circuit Court erred in granting summary judgment as to ʻĀpana 1 because "viewed in a light most favorable to Petitioners, there are genuine issues of material fact as to whether a cotenancy exists among Petitioners and Wailuku and, if a cotenancy does exist, whether Wailuku acted in good faith towards its cotenants." 114 Hawaiʻi at 27, 155 P.3d at 1128. The supreme court stated that a tenant in common claiming adverse possession must prove that it acted in good faith towards other cotenants during the statutory period and that this usually requires the tenant to notify the cotenants that it is claiming adversely. *Id.* at 34, 155 P.3d at 1135. Given that the Defendants were claiming through Kekiu and the lack of evidence that Kekiu conveyed during her life, the Court recognized the possibility that a cotenancy existed between Wailuku, or its predecessors, and Kekiu's heirs. *Id.* at 35, 155 P.3d at 1136.

Upon remand, the record shows that Wailuku sold ʻĀpana 1 to Makani Olu Partners, LLC ("Makani") and nonparty Makena Real Estate Corporation ("Makena"), and Makani was substituted for Wailuku as Plaintiff-Appellee.

At the bench trial, Defendants stipulated that Makani and its predecessors had openly, notoriously, continuously, and exclusively possessed ʻĀpana 1 for the requisite statutory period; consequently, Defendants focused their defense on the issues of cotenancy and good faith addressed in *Wailuku I*. The Circuit Court found, among other things, that the parties' English translations of the 1855 Deed, written in Hawaiian, indicated that the deed purported to convey only one piece of land and that it was unclear that that piece was ʻĀpana 1. The Circuit Court concluded that Defendants and Makani and its predecessors were not cotenants and that, based on Defendants' pre-*Wailuku I* position, they were estopped to assert a contrary position. Thus, the Circuit Court declared that Makani and Makena "are the sole owners by adverse possession of Land Commission Award 8672, apana 1 in fee simple absolute, free and clear of all claims, liens, clouds or encumbrances, except for encumbrances of record."

II.  Points of Error

On appeal, Defendants argue that the Circuit Court erred in (1) finding that the evidence failed to establish a complete chain of title to Makani, (2) concluding that Defendants and Makani were not cotenants of ʻĀpana 1, (3) concluding that Makani and its predecessors had no reason to suspect the existence of a cotenancy or to serve notice of a hostile claim because no cotenancy existed, (4) concluding that Defendants had made judicial admissions that Makani and Defendants were not cotenants, and (5) concluding that Makani and Makena are the owners of ʻĀpana 1 by adverse possession.

III. Standard of Review

Findings of Fact ("FOF")/Conclusions of Law ("COL")

> In this jurisdiction, a trial court's FOFs are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction [in reviewing the entire evidence] that a mistake has been committed.

*Chun v. Bd. of Tr. of the Empls.' Ret. Sys. of the State of Hawaiʻi*, 106 Hawaiʻi 416, 430, 106 P.3d 339, 353 (2005) (internal quotation marks, citations, and ellipses omitted) (quoting *Allstate Ins. Co. v. Ponce*, 105 Hawaiʻi 445, 453, 99 P.3d 96, 104 (2004)). "An FOF is also clearly erroneous when the record lacks substantial evidence to support the finding. We have defined 'substantial evidence' as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *Leslie v. Estate of Tavares*, 91 Hawaiʻi 394, 399, 984 P.2d 1220, 1225 (1999) (internal quotation marks and citations omitted) (quoting *State v. Kotis*, 91 Hawaiʻi 319, 328, 984 P.2d 78, 87 (1999)).

> A COL is not binding upon an appellate court and is freely reviewable for its correctness. This court ordinarily reviews COLs under the right/wrong standard. Thus, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned. However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.

*Chun*, 106 Hawaiʻi at 430, 106 P.3d at 353 (internal quotation

4

marks, citations, and brackets omitted) (quoting *Allstate Ins. Co.*, 105 Hawai'i at 453, 99 P.3d at 104).

IV. Discussion

In *Wailuku I*, the Hawai'i Supreme Court held that there was a genuine issue of material fact with regard to the Circuit Court's initial adverse-possession ruling as to "whether a cotenancy exists among Petitioners and Wailuku and, if a cotenancy does exist, whether Wailuku acted in good faith toward its cotenants." 114 Hawai'i at 27, 155 P.3d at 1128. As noted in *Wailuki I*, 'Āpana 1 appears to have descended to Kalapuna (Kaluau's father, survivor, and heir) and Kekiu (Kaluau's mother, survivor, and heir) as tenants in common. 114 Hawai'i at 28 n.9, 155 P.3d at 1129 n.9. "[W]here a cotenancy exists[,] there is a 'special burden in proving hostile possession' that requires the cotenants making a claim of adverse possession 'to show that they acted in good faith in relation to their cotenants.'" 114 Hawai'i at 34, 155 P.3d at 1135 (quoting *Morinoue v. Roy*, 86 Hawai'i 76, 82, 947 P.2d 944, 950 (1997)). Thus, we first determine whether, at any time during the statutory period over which Makani claims adverse possession, Makani or its predecessors maintained a cotenancy in 'Āpana 1 with the Defendants or their predecessors.

Tenancy in common presumes that both parties acquired their interests via paper title. See 3 Am. Jur. 2d *Adverse Possession* § 247 (2002) ("A title acquired by adverse possession upon the expiration of the limitations period becomes the true title and extinguishes all other inconsistent titles, except that of the government."). In the instant case, the Defendants claim an interest in the property through Kekiu, while Makani's interest derives from Kalapuna. If the chain of title for either party demonstrates a break in paper title, then any tenancy in common to that point is defeated, and there is no duty of good faith based on cotenancy.

If the 1855 Deed is inoperative, then Makani and its predecessors were not cotenants with Kekiu's heirs under any set of circumstances because cotenancy would exist only if Makani held its interest by virtue of Kalapuna's conveyance. "It is a

well settled rule that descriptions of land in a deed must be reasonably certain, either by express language contained therein or by reference therein to some other deed or instrument or existing conditions capable of ascertainment." *Hayselden v. Lincoln*, 24 Haw. 169, 172 (Haw. Terr. 1917). "The description of the premises conveyed must be sufficiently definite and certain to enable the land to be identified; otherwise it will be void for uncertainty." *Id.* at 174; *see also* 23 Am. Jur. 2d *Deeds* § 38 (2002) ("If the land intended to be conveyed is not identifiable from the words of the deed, aided by extrinsic evidence explanatory of the terms used or by reference to another instrument, the deed is inoperative.").

The 1855 Deed is written in the Hawaiian language. Both Makani and Defendants provided English translations. Frances N. Frazier ("Frazier") translated the 1855 Deed to state that Kalapuna, along with Piena and Puuweuweu,[3] "do sell and convey absolutely the land which was inherited by us from the said deceased, unto John Richardson and his heirs, executors and administrators forever, being that entire *piece* of land situate at Kuaiwa, Waikapu, Maui" and that "*said place* has been conveyed absolutely unto John Richardson[.]" (Emphasis added). David T. Taira's ("Taira") translation likewise stated that the aforementioned parties conveyed "all that *piece* of land situate in Kuaiwa, Waikapu, Maui[.]" (Emphasis added). The Circuit Court correctly found that neither translation specifically referenced ʻĀpana 1. Furthermore, the Circuit Court correctly found that although Taira, in a footnote, claimed that, instead of the phrase "that piece of land," a "plural interpretation is *possible*," — i.e., "all those (small/few) lands," — both Frazier and Taira primarily concluded that the 1855 Deed purported to convey a single piece of land in Kuaiwa.

LCA 8672 awarded Kaluau three separate parcels of land. Two of those parcels are in Kuaiwa. Defendants have not presented external evidence establishing which parcel in Kuaiwa the 1855 Deed purported to convey. Thus, based on the Circuit

---

[3]     Piena and Puuweuweu had no identifiable interest in LCA 8672.

Court's findings, we conclude that the description of the land in the 1855 Deed is not sufficiently definite to establish the conveyance of ʻĀpana 1, rendering the deed void. *See Hayselden*, 24 Haw. at 174. As Defendants have otherwise stipulated, Makani's predecessors satisfied the elements of adverse possession for the statutory period. Since there was no cotenancy between Makani, Defendants, or their respective predecessors, no further showing need be made for Makani to prevail on its adverse possession claim. Thus, Defendants have not shown that the Circuit Court erred in declaring Makani and Makena the owners of ʻĀpana 1.[4]

THEREFORE,

The Final Judgment and Decree, filed February 16, 2010 is affirmed.

DATED: Honolulu, Hawaiʻi, May 24, 2013.

On the briefs:

Kevin H.S. Yuen
(Law Office of Kevin H.S. Yuen)
for Defendants-Appellants.

Tom C. Leuteneker
(Carlsmith Ball LLP)
for Plaintiff-Appellee.

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Lawrence M Reifurth*
Associate Judge

---

[4] We do not reach the issue of whether Defendants were bound by judicial admissions.

7